Filed 7/11/23  P. v. Sanchez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H049979 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C2105635) |
| v. | |
| TERRY SANCHEZ, | |
| Defendant and Appellant. | |

Terry Sanchez pled no contest to inflicting corporal injury on a cohabitant, in violation of Penal Code section 273.5, subdivision (a), and admitted to sustaining a prior conviction for a strike offense.[1]  The trial court granted Sanchez's motion to strike his prior conviction and sentenced him to the middle term of three years in prison.  On appeal, Sanchez argues his sentence must be vacated and the matter remanded for resentencing because the trial court misapplied section 1170, subdivision (b)(6), which requires the court to impose the lower term of imprisonment if it determines that childhood trauma was a contributing factor to his offense, unless "the court finds that the aggravating circumstances outweigh the mitigating circumstances such that imposition of the lower term would be contrary to the interests of justice."  (§ 1170, subd. (b)(6).)

---

[1] Subsequent undesignated statutory references are to the Penal Code unless otherwise indicated.

Concluding that the trial court properly applied the provision, we affirm the judgment and sentence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Santa Clara County District Attorney filed an information charging Sanchez with assault by means of force likely to produce great bodily injury, maliciously obstructing use of a wireless communication device, and inflicting corporal injury on a cohabitant. (§§ 245, subd. (a)(4), 591.5, 273.5, subd. (a).) The information further alleged that Sanchez had been convicted of a prior strike offense, which made him statutorily ineligible for probation. (§§ 667, subd. (c), 1170, subds. (h)(3), (f), 1170.12, subd. (b)(1), 1192.7, subd. (c).)

Sanchez pled no contest to inflicting corporal injury on a cohabitant and admitted to sustaining a prior conviction for a strike offense, in exchange for dismissal of the remaining counts and a sentence of no more than four years in prison. Under the terms of the plea, Sanchez would have the opportunity to file a motion to strike his prior conviction pursuant to *People v. Romero* (1996) 13 Cal.4th 427 (*Romero*), which if granted, would reduce his prison exposure and potentially render him eligible for county jail and probation.

In his *Romero* motion, Sanchez detailed the violence he had suffered as a child. Specifically, the motion referenced Sanchez witnessing violence being perpetrated by his father against his stepmother and suffering physical abuse by his stepmother. The motion described how Sanchez began abusing alcohol and narcotics at the age of six and continued to struggle with addiction throughout his life. The district attorney's opposition acknowledged Sanchez's difficult childhood, stating "Defendant's motion makes it evident that his background is marred with unique trauma. Defendant was exposed to violence and drug abuse at a young age. He was physically abused by his step-mother [*sic*] which led to his abuse of drugs and alcohol from the early age of six." Nevertheless, the prosecutor contended that Sanchez's *Romero* motion should be denied

2

in light of his extensive criminal history, which included four prior felony convictions and fifty-seven prior misdemeanor convictions—six of which were domestic violence related. The district attorney also pointed out that Sanchez's performance on prior grants of probation and PRCS had been unsatisfactory and that he had committed the offense while on PRCS supervision in another case.

At sentencing, the trial court granted Sanchez's *Romero* motion, citing to the age of the strike offense, Sanchez's youth at the time it was committed, the fact that Sanchez had not committed additional violent felonies since the offense, and the relatively minor injury Sanchez inflicted in this case. Nevertheless, the court indicated that it intended to sentence Sanchez to the middle term of three years, stating "there are many factors that are not in your favor. Your criminal history is terrible. You've had a *Romero* granted before and you're not doing well on supervision. Your attorney says that you're not doing well on supervision; you need more supervision. . . . So your criminal history, like I said, is terrible. Your performance on supervision is terrible. And you need to change those things, or you're going to be back."

Prior to the imposition of sentence, Sanchez asked the trial court to consider the newly enacted section 1170, subdivision (b)(6), which requires a sentencing court to impose a lower term sentence upon a person if that person had suffered childhood trauma that played a contributing role in the offense, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (See § 1170, subd. (b)(6).) Reiterating the facts set forth in his *Romero* motion, Sanchez argued that he had suffered childhood trauma, "including the exposure to domestic violence in the home and exposure to drugs at a very, very young age," and requested that he be sentenced to the lower term of two years. The trial court responded, "I am going to impose the middle term. I did consider those things, but I think, in light of [Sanchez's] history, I'm not going to impose the lower term." The court sentenced Sanchez to the middle term of three years.

Sanchez filed a timely notice of appeal from the judgment and sentence.

## II. DISCUSSION

### A. *Standard of Review*

We review the trial court's sentencing decisions for an abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) To prove an abuse of discretion, " ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.]" ' " (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988 (*Fredrickson*); see also *People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*) [a sentencing court "does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it"].) " ' "In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review. [Citation.]" ' " (*Fredrickson*, at p. 988.)

### B. *The Trial Court Properly Applied Section 1170, Subdivision (b)(6)*

Sanchez argues on appeal that his sentence must be vacated and the matter remanded for resentencing because the trial court misapplied section 1170, subdivision (b)(6), which makes a lower term sentence presumptively appropriate in circumstances where a defendant's experience of childhood trauma was a contributing factor to the commission of the offense. Sanchez contends that because he had put forth evidence of childhood trauma, the trial court was required to either sentence him to the low term or state on the record what proven or admitted aggravating circumstances made the imposition of the low term unjust. We conclude that the trial court properly applied subdivision (b)(6) and did not abuse its discretion in sentencing Sanchez to the middle term.

4

### 1. *Legal Principles*

Section 1170, subdivision (b)(1) directs trial courts to impose no more than the middle term of a sentencing triad unless certain circumstances exist.[2] Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695, § 5) further amended section 1170, subdivision (b), which now provides in subdivision (b)(6), "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term upon a finding that any of the certain enumerated conditions were a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (§ 1170, subd. (b)(6).) In March 2022, California Rules of Court, rule 4.420, which sets forth the criteria for selecting the appropriate term of imprisonment in felony sentencing, was revised to incorporate this provision. (Cal. Rules of Court, rule 4.420(e)(1).)

### 2. *The Trial Court Considered Evidence of Sanchez's Childhood Trauma*

Section 1170, subdivision (b)(6) was in effect at the time of Sanchez's sentencing in April 2022. At the sentencing hearing, Sanchez directed the court's attention to the provision, put forth facts relating to his childhood trauma, "including the exposure to domestic violence in the home and exposure to drugs at a very, very young age," and argued that such trauma contributed to the circumstances of the offense. On that basis, Sanchez asked the court to impose the low term. The court declined Sanchez's request, stating that while it did consider evidence relating of Sanchez's childhood trauma, it was nevertheless going to impose the middle term in light of Sanchez's criminal history.

---

[2] Section 1170, subdivision (b) provides: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph[] 2." (§ 1170, subd. (b)(1).)

Even though subdivision (b)(6) makes the lower term presumptively appropriate under the enumerated circumstances, the sentencing court may nevertheless impose the middle term if it finds that imposition of the lower term would be "contrary to the interests of justice." (§ 1170, subd. (b)(6).) In determining the "interests of justice," the court is permitted to consider Sanchez's "background and prospects, including the presence . . . of a record," as well as the mitigating factors of subdivision (b)(6). (Adv. Com. com., Cal. Rules of Court, rule 4.420.) Here, Sanchez had the opportunity to present evidence of childhood trauma, both in his *Romero* motion and at the sentencing hearing itself. Sanchez also expressly argued to the sentencing court that it was required to sentence him to the low term unless it found the low term to be unjust. Prior to imposing sentence, the court stated on the record that it had considered evidence of Sanchez's childhood trauma but determined that the middle term was appropriate because of his extensive criminal history. On this record, we cannot say that the court failed to consider section 1170, subdivision (b)(6), or that its decision to impose the middle term notwithstanding the provision was "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony, supra*, 33 Cal.4th at p. 377.)

### 3. Aggravating Factors Used to Impose the Middle Term Need Not be Admitted to or Proven Beyond a Reasonable Doubt

Sanchez next argues that prior to sentencing him to the middle term, the trial court was required to state on the record what proven or admitted aggravating circumstances made the imposition of the low term unjust. Sanchez misunderstands section 1170, subdivision (b), and California Rules of Court, rule 4.420, both of which distinguish between the imposition of an upper and middle term, not a middle and lower term. While aggravating circumstances used by a sentencing court to impose an upper term must be "stipulated to by the defendant" or "found true beyond a reasonable doubt" (§ 1170, subd. (b)(2), Cal. Rules of Court, rule 4.420(a)), no similar requirement exists for imposition of a middle term. Indeed, rule 4.420(d) provides for the opposite, stating, "In selecting

6

between the middle and lower terms of imprisonment . . . [t]he court may consider factors in aggravation and mitigation, *whether or not the factors have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by a jury or the judge in a court trial*." (Cal. Rules of Court, rule 4.420(d), italics added.) Because the trial court sentenced Sanchez to the middle term, not the upper term, any aggravating circumstance it relied upon to do so did not need to be stipulated to or found true beyond a reasonable doubt. In addition, the trial court did specify on the record the aggravating factor it believed made the imposition of a lower term sentence contrary to justice—namely, Sanchez's extensive criminal history. This complied with section 1170, subdivision (c).

We perceive no abuse of discretion in the court's decision to sentence Sanchez to the middle term.

### III.    DISPOSITION

The judgment is affirmed.

_____
Greenwood, P. J.

WE CONCUR:

_____
Grover, J.

_____
Lie, J.

H049979
People v. Sanchez

8